IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JENNIFER A. FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 111024D |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appeals Defendant's denial of claimed child care expenses for tax year 2008.

A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on June 13, 2012. Plaintiff

appeared on her own behalf. Annette Saarinen (Saarinen), licensed tax preparer and enrolled

agent, testified on behalf of Plaintiff. Kevin Cole (Cole), Tax Auditor, appeared on behalf of

Defendant.

Plaintiff's Exhibits 1 through 2 were received with objection. Defendant's Exhibits A, C,

D, G, and I were received without objection.

## I. STATEMENT OF FACTS

Plaintiff testified that she paid $3,065 to child care providers during tax year 2008. (Ptf's

Ex 2-19.) Referencing a document titled Federal Supporting Statements, Child Care Providers,

Plaintiff reported payments as follows:

| | |
|---|---|
| Sandra McDaniel | $700 |
| Helga Tschinkel | $855 |
| International School | $1,015 |
| Michael Hawronsky | $425 |
| Le Cirque | $70 |

(Ptf's Ex 2-21.) Plaintiff testified that the payments made in 2008 to Helga Tschinkel were for child care provided to care for her daughter in 2005, 2006, 2007 and 2008. (Def's Exs A—2, A-10—14.) Cole questioned Plaintiff about a letter she wrote dated January 30, 2012, to him, stating that "I did not pay any money in 2008 that applied to other years including 2005, 2006, or 2007 child care expenses." (Def's Ex C.)

Plaintiff testified that the receipts from The International School were for "Summer Camp Session." (Def's Ex D-1—4.) Those receipts total $1,340, which is $325 more than was claimed by Plaintiff as child care expense. Cole testified that The International School is not registered with the State of Oregon as a day care provider and on its website provides links to other organizations that are registered care day providers. Plaintiff testified that she did not contract with those other "day care providers" for before or after school care. In response to Cole's question, Plaintiff testified that the summer camp was not an "educational" program and that while at camp her daughter was taken to OMSI and offered language enrichment and singing classes.

Plaintiff testified that Michael Hawronsky lives with her and her daughter and is not her daughter's biological father but is her "father." Plaintiff claimed that she paid Michael Hawronsky $425 to care for her daughter.

Plaintiff claimed $700 in child care expenses paid to Sandra McDaniel. To document her payments to Sandra McDaniel, Plaintiff submitted three receipts, totaling $386.25, and two bank debits in addition to two receipts, totaling $111.25, for a combined total of $497.50. (Ptf's Ex 1-3—5, 1-10); (Def's. Ex A-4.)

Plaintiff testified that she could not provide canceled checks for child care expenses because her bank merged with another bank and was unable to give her canceled checks.

Saarinen testified that she prepared Plaintiff's 2008 federal and state income tax returns. In response to the concern raised by Cole about Plaintiff's gross income, Saarinen explained that the gross income reported by Plaintiff on federal form Schedule C came from "contract labor" and "other income came from deposits, 1099s, client payment charged to credit cards, rental income from subcontractors and Bank of America merchant account charges." Saarinen testified that the claimed deductions for child care expenses were based on information listed in Plaintiff's check register or credit card statements; she testified that Plaintiff did not provide her with canceled checks.

## II. ANALYSIS

ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is commonly referred to by the short title "Child Care Credit." The Child Care Credit is specifically tied to IRC section 21, the pertinent language being that the amount of the credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078. In regards to the Child Care Credit, OAR 150-316.078 explicitly defers to section 21 of the IRC. OAR 150-316.078(1) provides, in pertinent part:

> "When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21."

To receive child care credit, a taxpayer must pay for child care, and the care must be necessary to enable the taxpayer to work. ORS 316.078. With respect to Plaintiff's claimed income, the court does not share Defendant's concern and based on the evidence accepts Plaintiff's federal form Schedule C as filed.

Plaintiff must persuade the court by a preponderance of the evidence that she paid $3,065

for her daughter's child care expenses in 2008. *See* ORS 305.427 (providing the applicable burden of proof).

A "[p]reponderance of the evidence means the greater the weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971) (citation omitted). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P.2d 235 (1990).

In support of her claimed expenses, Plaintiff relied on her testimony and offered invoices and receipts for a portion of the child care expenses claimed. Unfortunately, for the majority of the child care expenses claimed, Plaintiff offered no substantiation or conflicting evidence was offered sufficient to persuade the court that those child care expenses should not be allowed.

Given the lack of evidence, the court cannot agree with Plaintiff that The International School is a registered or qualified child care provider and that the amounts paid to The International School for her daughter's summer camp are allowable child care expenses. Plaintiff's own testimony described summer camp activities with an educational purpose.

The payment made to Michael Hawronsky, Plaintiff's daughter's "father" and someone who lives in the same household, is not an allowable child care expense. No evidence was offered to support the amount of the payment or why Plaintiff paid for her daughter's "father" to care for her daughter.

With the exception of the $98.98 reported as paid to Helga Tschinkel for child care in June, 2008, the court disallows all other payments made to Helga Tschinkel for child care expenses incurred in prior years. There was no evidence other than an invoice for child care services (lacking any notation stating the date or amount of Plaintiff's payment) that Plaintiff made the payments in 2008 or that Plaintiff did not claim the same child care expenses in the

year in which the service was provided.

Plaintiff claimed that she paid Sandra McDaniel $700 to care for her daughter. Plaintiff submitted receipts and bank statements that total $497.50. (Ptf's Ex 1-3—5, 1-10); (Def's. Ex A-4.) That amount is the total of the amounts stated on Plaintiff's Exhibit 1-1, titled 2008 child care expenses for Jennifer Fletcher. Plaintiff submitted no other evidence in support of the claimed $700 child care expenses. The court allows Plaintiff to claim child care expenses paid to Sandra McDaniel in the amount of $497.50.

Plaintiff claimed she paid $70 to Le Cirque for child care expenses. It did not appear on Plaintiff's Exhibit 1-1 as a child care expense. There was no testimony or evidence offered to substantiate this claimed expense; it is disallowed.

## I. CONCLUSION

After a careful review of the testimony and evidence, the court concludes that Plaintiff has failed to provide substantial evidence for the majority of the child care expenses she claimed in 2008. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff is entitled to claim child care expenses in the amount of $596.48.

Dated this ____ day of July 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This Decision was signed by Presiding Magistrate Jill A. Tanner on July 30, 2012. The Court filed and entered this Decision on July 30, 2012.*